Nos. 2024-1458, 2024-1838
———————————————————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
———————————————————————

DOUGHERTY ELECTRIC, INC.,

*Plaintiff-Appellant,*

vs.

UNITED STATES OF AMERICA,

*Defendant-Appellee.*
———————————————————————

On Appeal from the United States Court of Federal Claims
Docket No. 1:20-cv-1254-LAS (Senior Judge Loren A. Smith)
———————————————————————

**CORRECTED *AMICUS* BRIEF OF THE CENTER FOR TAXPAYER
RIGHTS IN SUPPORT OF THE APPELLANT AND IN SUPPORT OF
REVERSAL**
———————————————————————

Emeritus Prof. T. Keith Fogg
*Counsel for Amicus*
Volunteer, Tax Litigation Clinic
   of the Legal Services Center
   of Harvard Law School
122 Boylston Street
Jamaica Plain, Massachusetts 02130
(617) 390-2532
kfogg@law.harvard.edu

Carlton M. Smith, Esq.
*Counsel for Amicus*
Volunteer, Tax Litigation Clinic
   of the Legal Service Center
   of Harvard Law School
255 W. 23rd Street #4AW
New York, New York 10011
(646) 230-1776
carltonsmth@aol.com

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2024-1458, 2024-1838

**Short Case Caption** Dougherty Electric, Inc. v. United States

**Filing Party/Entity** The Center for Taxpayer Rights

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/07/2024

Signature: /s/ Carlton M. Smith

Name: Carlton M. Smith

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| The Center for Taxpayer Rights | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐　Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑  None/Not Applicable ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐  Yes (file separate notice; see below) ☐  No ☑  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# **TABLE OF CONTENTS**

Page

CERTIFICATE OF INTEREST

TABLE OF CONTENTS ....…………………………………………… i

TABLE OF AUTHORITIES ……………………………………...…… iii

INTEREST OF THE *AMICUS* ………………………………….....…... 1

SUMMARY OF ARGUMENT …………………………………….... 3

ARGUMENT …………………………………………………...……..... 5

    I.    Congress Did Not Make Clear Statements in §§ 6511(a)
         and 7422(a) that the Claim Filing and Deadline
         Requirements Are Jurisdictional Requirements of a Tax
         Refund Suit…………………………….......................................... 8

    II.   The Separate Evolutions of the Claim Filing
         Requirement and Refund Suit Jurisdiction Demonstrate
         that Congress Did Not View the Claim Filing
         Requirement as Jurisdictional………………………………….... 9

    III.  Inconsistent Comments from the Supreme Court on
         Whether the Claim Filing and Deadline Requirements
         Are Jurisdictional Do Not Justify Making a *Stare Decisis*
         Exception to the Usual Rule that Mandatory
         Claim-Processing Rules are Nonjurisdictional…………………… 13

    IV.  Panels Have Questioned Whether the Claim Filing
         Requirement is Jurisdictional in Light of Recent Supreme Court
         Case Law……………………………………………………… 21

CONCLUSION …………………………………………………….... 29

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE REQUIREMENTS, AND
TYPE STYLE REQUIREMENTS..………………………..………... 30

CERTIFICATE OF SERVICE …………………………………….... 31

# TABLE OF AUTHORITIES

**Cases**                                                          **Page**

*Angelus Milling Co. v. Commissioner*, 325 U.S. 293 (1945) ……....23, 25-26

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) …………………………… 8-9,
16-17, 22

*Boechler, P.C. v. Commissioner*, 596 U.S. 199 (2022) …………...… 7-8, 14

*Boeri v. United States*, 724 F.3d 1367 (Fed. Cir. 2013) ………………….. 15

*Bowles v. Russell*, 551 U.S. 205 (2007) ………………………………….. 13

*Brown v. United States*, 22 F.4th 1008 (Fed. Cir. 2022) …………….... 23-26

*Carlisle v. United States*, 517 U.S. 416 (1996) ……………………………… 7

*Cheatham v. United States*, 92 U.S. 85 (1875) …………………….….. 15

*Commissioner v. Lundy*, 516 U.S. 235 (1996) …………………….….. 18-19

*Curtis's Administratrix v. Fiedler*, 2 Black 461,
67 U.S. 461 (1863) ……………………………………………....….. 10

*Dixon v. United States*, 67 F.4th 1156 (Fed. Cir. 2023), *aff'g on
other grounds* 158 Fed. Cl. 69 (2022) …………………………….. 24-25

*Dolan v. United States*, 560 U.S. 605 (2010) ………………………..…….. 6

*Flora v. United States*, 362 U.S. 145 (1960) ………………………... 10, 12-
15, 20

*Fort Bend Cnty. v. Davis*, 587 U.S. 541 (2019) …………………………… 7

*General Mills, Inc. v. United States*, 957 F.3d 1275
(Fed. Cir. 2020) ……………………………………………………….. 23

*Gillespie v. United States*, 670 Fed. Appx. 393 (7th Cir. 2016) …..…..... 21-22

*Gonzalez v. Thaler*, 565 U.S. 134 (2012) …………………………………….. 9

*Greene v. United States*, 191 F.3d 1341 (Fed. Cir. 1999) …………………. 5

*Greene-Thapedi v. United States*, 549 F.3d 530 (7th Cir. 2008) …………. 22

*Gwaltney of Smithfield v. Chesapeake Bay Found.*,
    484 U.S. 49 (1987) …………………………………………………… 17

*Hamer v. Neighborhood Housing Servs. of Chicago*,
    583 U.S. 17 (2017) …………………………………………....... 6, 25-26

*Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990) …………………... 17

*John R. Sand & Gravel Co. v. United States*,
    552 U.S. 130 (2008) …………………………………………………... 13

*Kontrick v. Ryan*, 540 U.S. 443 (2004) ……………………….….... 6-7, 17

*Lexmark International, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) …………………………………………………... 24

*MOAC Mall Holdings, LLC v. Transform Holdco LLC*,
    143 S. Ct. 927 (2023) …………………………………………………. 14

*Nick's Cigarette City, Inc. v. United States*,
    531 F.3d 516 (7th Cir. 2008) …………………………………………….. 22

*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) …………… 9, 13-14,
                                                              21-22

*Remote Diagnostic Tech LLC v. United States*,
    133 Fed. Cl. 198 (2017) ……………………………………….… 27

*Sebelius v. Auburn Regional Med. Center*,
    568 U.S. 145 (2012) …………………………………………………… 6

*Smietanka v. Indiana Steel Co.*, 257 U.S. 1 (1921) ………………………. 12

*Steel Co. v. Citizens for a Better Environment*,
    523 U.S. 83 (1998) …………………………………….….. 17, 27

*Stephens v. United States*, 884 F.3d 1151 (Fed. Cir. 2018) …………… 5, 23

*Sun Chemical Corp. v. United States*,
    698 F.2d 1203 (Fed. Cir. 2023) ………………………………… 5-6

*Union Pacific R. Co. v. Locomotive Engineers*,
    558 U.S. 67 (2009) …………………………………………… 13

*United States v. Brockamp*, 519 U.S. 347 (1997) …………………….. 18-19

*United States v. Clintwood Elkhorn Mining Co.*,
    553 U.S. 1 (2008) ………………………………………….. 19-21

*United States v. Dalm*, 494 U.S. 596 (1990) ………………….... 4, 15-19,
                                                                 22, 24-25

*United States v. Emery, Bird, Thayer Realty Co.*,
    237 U.S. 28 (1915) ………………………………………….... 12

*United States v. Kwai Fun Wong*, 575 U.S. 402 (2015) ……………… 18, 21

*United States v. Real Estate Savings Bank*,
    104 U.S. 728 (1882) ………………………………………….... 11

*Walby v. United States*, 957 F.3d 1295 (Fed. Cir. 2020) ……………... 22-23

*Waleski v. Montgomery, McCracken, Walker &*
    *Rhoads, LLP*, 143 S. Ct. 2027 (2023) ……………………….... 27-28

*Waltner v. Unites States,* 679 F.3d 1329 (Fed. Cir. 2012) …………….. 5, 23

*Wilkins v. United States*, 143 S. Ct. 870 (2023) ………………………… 25

## Statutes

17 U.S.C. § 411(a) ……………………………………………………... 14

26 U.S.C. (I.R.C.):

  § 501(c)(3) ………………………………………………………… 1

  § 6330(d)(1) ……………………………………………………... 7

  § 6511(a) …………………………………………………. *passim*

  § 6511(b) ………………………………………………………… 15

  § 6532(a) ……………………………………………………... 10-11

  § 7422(a) …………………………………………………. *passim*

  § 7803(c)(1)(B) ………………………………………………… 1

28 U.S.C.:

  § 1331 …………………………………………………………… 11

  § 1346 …………………………………………………………… 12

  § 1346(a)(1) …………………………………………………..... 9, 12, 14-15

  § 1491 …………………………………………………………… 12

  § 1491(a)(1) …………………………………………………..…… 11, 19

  § 2501 …………………………………………………………… 19

Judiciary Act of 1789, ch. 20, § 11, 1 Stat. 73, 78 …………………………... 11

Act of February 26, 1845, c. 22, 5 Stat. 727 ………………………………... 10

Revenue Act of 1866, ch. 184, § 19, 14 Stat. 152 …………………… 11-12

R.S. § 3226 (1878) …………………………………………………... 12, 14-15

Tucker Act (Mar. 3, 1887), ch. 359:

    § 1, 24 Stat. 505 ………………………………………………… 11-12

    § 2, 24 Stat. 505 ………………………………………………… 11-12

Revenue Act of 1921, § 1310(c), 42 Stat. 311 ………………………… 12

## Other Authorities

Bryan T. Camp, "New Thinking About Jurisdictional Time
    Periods in the Tax Code", 73 *Tax Lawyer* 1, 48-59 (2019) ……….. 10-11

James H. Chadbourn & A. Leo Levin, "Original Jurisdiction
    of Federal Questions", 90 *U. Pa. L. Rev.* 639 (1942) ………………… 11

FRAP 29(a)(4)(E) ……………………………………………………….. 1

## INTEREST OF THE *AMICUS*[1]

The Center for Taxpayer Rights ("the Center") is a § 501(c)(3)[2] non-profit organization dedicated to furthering taxpayers' awareness of and access to taxpayer rights. The Center accomplishes its mission, in part, by educating the public and government officials about the role taxpayer rights plays in promoting compliance and trust in systems of taxation. The Executive Director of the Center is Nina E. Olson, who from 2001 through 2019, served as the IRS National Taxpayer Advocate, appointed under § 7803(c)(1)(B).

Counsel for the Center is the Tax Litigation Clinic of the Legal Services Center of Harvard Law School ("the Clinic"), which represents low-income taxpayers before the IRS and in the courts. As part of its litigation work, the Clinic regularly advises taxpayers on the requirements to file refund claims and bring refund suits.

---

[1] Pursuant to FRAP 29(a)(4)(E), this is to affirm that no party's counsel authored this brief in whole or in part. No party or party's counsel contributed money that was intended to fund preparing or submitting this brief. The only non-party who contributed monetarily to this brief is Harvard University, which paid the costs of printing. The Tax Clinic at the Legal Services Center is a component of Harvard University. The parties have consented to the filing of this brief.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code, Title 26.

*Pro se* taxpayers often make errors with regard to refund claims – both in failing to file claims and in failing to file claims timely. The Center believes that, in light of recent Supreme Court case law, courts should recognize that the requirements to file timely refund claims before bringing suit are nonjurisdictional claim-processing rules subject to waiver and forfeiture.

## SUMMARY OF ARGUMENT

This case was dismissed for lack of jurisdiction on the ground that Dougherty Electric, Inc. ("Dougherty") did not previously timely file a refund claim, as required by §§ 6511(a) and 7422(a).

However, the requirement of § 7422(a) to file a predicate refund claim before bringing suit is not jurisdictional, but merely a mandatory claim-processing rule – a statutory administrative exhaustion requirement subject to waiver and forfeiture. And the requirement of § 6511(a) to file such a claim within two years after payment is also not jurisdictional, but merely a mandatory claim-processing rule – a deadline subject, at least, to waiver and forfeiture.

In recent years, the Supreme Court has held that, with only two exceptions, mandatory claim-processing rules – even statutory ones – are nonjurisdictional and subject to waiver and forfeiture. The two exceptions are (1) if Congress, in a statute, has made a clear statement that the requirement is jurisdictional or (2) if the Supreme Court (not lower courts) had, for over 100 years and in multiple opinions, consistently treated the requirement as jurisdictional. Neither exception applies here.

First, §§ 6511 (a) and 7422(a) do not speak in jurisdictional terms.

Second, over the last 100 years, the Supreme Court has made inconsistent statements (mostly in *dicta* or in drive-by jurisdictional rulings) about whether § 7422(a)'s requirement is jurisdictional. The origin of the claim-filing requirement in an 1866 statute indicates that the requirement has nothing to do with establishing any court's jurisdiction.

Third, while the Supreme Court in *United States v. Dalm*, 494 U.S. 596 (1990), called both the filing deadline and the requirement to file a predicate refund claim jurisdictional to a refund suit, *Dalm*'s statements were either *dicta* or, at best, drive-by jurisdictional rulings that are inconsistent with later Supreme Court case law and not entitled to the *stare decisis* exception to the rule that a long line of Supreme Court opinions holding a requirement jurisdictional should still be followed.

As a result, this Court's precedent that both the claim filing requirement and the deadline are jurisdictional no longer represent good law and must be overruled. The requirements at issue in this case are not jurisdictional and are subject at least to waiver and forfeiture.

# ARGUMENT

Section 7422(a) provides, in relevant part:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Section 6511(a) provides, in relevant part:

Period of limitation on filing claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later. . . .

This Court has long held that a taxpayer's failure to comply with § 7422(a)'s requirement to file a predicate administrative refund claim is a jurisdictional defect to a Court of Federal Claims refund suit. *See, e.g., Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018); *Waltner v. Unites States,* 679 F.3d 1329, 1333 (Fed. Cir. 2012). It has also stated or assumed in *dicta* that the failure to file such a claim within the time provided by § 6511(a) is a jurisdictional defect. *Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999) (*dicta*; finding a claim not time bared); *Sun Chemical Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 2023)

(*dicta*; finding claim did not adequately apprise the IRS that it is operative, whether or not claim was filed late).

In light of recent Supreme Court precedents, this Court should overrule its prior precedents and hold that the refund claim filing requirement in § 7422(a) and the deadline in § 6511(a) are nonjurisdictional and are subject, at least, to waiver and forfeiture.

The Supreme Court has clarified that jurisdictional requirements cannot be subject to waiver, forfeiture, or the equitable exceptions of estoppel or equitable tolling. *Dolan v. United States*, 560 U.S. 605, 610 (2010). Conversely, non-jurisdictional "[m]andatory claim-processing rules are less stern. If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited." *Hamer v. Neighborhood Housing Servs. of Chicago*, 583 U.S. 17, 20 (2017) (citation omitted).[3]

The change in Supreme Court case law had been brewing in its opinions for some years, but was first laid out as a rule in *Kontrick v. Ryan*,

---

[3] By contrast to waiver and forfeiture, whether a nonjurisdictional claim-processing rule is subject to equitable exceptions is dependent on the particular statute. *See, e.g., Id.* at n.3 ("We have reserved whether mandatory claim-processing rules may be subject to equitable exceptions."); *Sebelius v. Auburn Regional Med. Center*, 568 U.S. 145 (2012) (filing deadline nonjurisdictional, but still not subject to equitable tolling).

540 U.S. 443 (2004), where the Court observed that it and other courts had

been too careless in using the word "jurisdictional":

> "[C]lassify[ing] time prescriptions, even rigid ones, under the heading
> 'subject matter jurisdiction'" can be confounding. *Carlisle* [*v. United
> States*], 517 U.S. [416] at 434 [(1996)] (Ginsburg, J., concurring).
> Clarity would be facilitated if courts and litigants used the label
> "jurisdictional" not for claim-processing rules, but only for
> prescriptions delineating the classes of cases (subject-matter
> jurisdiction) and the persons (personal jurisdiction) falling within a
> court's adjudicatory authority.

*Id.* at 455.  The Supreme Court later made all mandatory claim-processing

rules (not just filing deadlines) henceforth presumptively nonjurisdictional.

In *Fort Bend Cnty. v. Davis*, 587 U.S. 541 (2019), the Supreme Court

held that the statutory requirement for a plaintiff bringing a Title VII

discrimination suit to have previously filed a charge with the EEOC is not a

jurisdictional issue for the court because the statute did not specifically

speak of this requirement in jurisdictional terms.  Thus, by waiting too long

in the case to raise the issue, the defendant forfeited its usual right to raise as

a defect the failure to file a predicate EEOC charge.

In *Boechler, P.C. v. Commissioner*, 596 U.S. 199 (2022), the Supreme

Court held that the deadline in § 6330(d)(1) to file a "Collection Due

Process" petition in the Tax Court is not jurisdictional and is subject to

equitable tolling because Congress did not make clear by merely inserting a

jurisdictional grant in a parenthetical in that section that it also intended the

deadline to be jurisdictional, and the presumption in favor of equitable tolling was not rebutted.

There are two exceptions to the current rule treating mandatory claim-processing rules as nonjurisdictional. A claim-processing rule is still jurisdictional if either (1) Congress in a statute made a "clear statement" that the rule is jurisdictional or (2) there exists a long line of Supreme Court opinions left undisturbed by Congress treating the rule as jurisdictional (a *stare decisis* exception). *Boechler*, 596 U.S. at 203, 208.

## I. Congress Did Not Make Clear Statements in §§ 6511(a) and 7422(a) that the Claim Filing and Deadline Requirements Are Jurisdictional Requirements of a Tax Refund Suit.

The Supreme Court has articulated the "clear statement" exception as follows: A rule is jurisdictional "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." *Arbaugh v. Y & H Corp*., 546 U.S. 500, 515 (2006). But if "Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional." *Id*. at 516.

Turning simply to the language of § 7422(a), while the provision articulates a mandatory requirement to taxpayers to file a tax refund claim before bringing a refund suit, it does not use the word "jurisdiction", nor does it otherwise speak in jurisdictional terms addressed to the court.

"In characterizing certain requirements as nonjurisdictional, [the Supreme Court] ha[s] on occasion observed their '"separat[ion]"' from jurisdictional provisions. *E.g., Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 162 (2010); *Arbaugh*, 546 U.S. at 515." *Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012). The jurisdictional basis for a tax refund suit is at 28 U.S.C. § 1346(a)(1), which is not even in the same Title as § 7422(a).

Section 1346(a)(1) currently provides, in relevant part:

**(a)** The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

**(1)** Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws . . . .

Similarly, § 6511(a), in giving its deadlines, does not use the word "jurisdiction", nor does it otherwise speak in jurisdictional terms addressed to the court.

## II. The Separate Evolutions of the Claim Filing Requirement and Refund Suit Jurisdiction Demonstrate that Congress Did Not View the Claim Filing Requirement as Jurisdictional.

The separate legislative histories of §§ 7422(a) and 1346(a)(1) underscore that neither § 7422(a) nor its predecessors were ever intended to affect the courts' jurisdiction over tax refund suits.

The following is a condensed history of both § 7422(a) and the jurisdictional basis for refund suits.  This history is set forth in greater detail in both *Flora v. United States*, 362 U.S. 145, 151-156 (1960), and Bryan T. Camp, "New Thinking About Jurisdictional Time Periods in the Tax Code", 73 *Tax Lawyer* 1, 48-59 (2019).  While Professor Camp's article mostly focuses on filing deadlines for Tax Court suits, in his discussion of the filing deadline for refund suits at § 6532(a), he gives an extensive historical background of the origins of jurisdiction for tax refund suits and argues that the refund suit filing deadline, which was originally attached to the refund claim filing requirement in 1866, should not be treated as a jurisdictional filing deadline under current Supreme Court case law.

Prior to the Civil War, suits essentially for refund were brought as suits personally against Collectors grounded on assumpsit, or, after 1845, on statute.

> [B]ecause of the Act of February 26, 1845, c. 22, 5 Stat. 727, which restored the right of action against the Collector after this Court had held that it had been implicitly eliminated by other legislation, 12/ the Court no longer regarded the suit as a common-law action, but rather as a statutory remedy which "in its nature [was] a remedy against the Government." *Curtis's Administratrix v. Fiedler*, 2 Black 461, 479.
> _____
>
> 12.  *See Cary v. Curtis*, 3 How. 236.

*Flora*, 362 U.S. at 153.

The basis of district court jurisdiction was the diversity statute. Judiciary Act of 1789, ch. 20, § 11, 1 Stat. 73, 78. (Congress first enacted federal question jurisdiction in 1875. *See generally* James H. Chadbourn & A. Leo Levin, Original Jurisdiction of Federal Questions, 90 *U. Pa. L. Rev.* 639 (1942) (detailing the history of what is now 28 U.S.C. § 1331).) However, district courts could not hear such refund suits until after taxpayers first sued in state court and Collectors then used the removal provisions in various Revenue Acts. Camp, *op. cit.* at 56-57.

After some initial confusion, in 1882, the Supreme Court held that the Court of Claims could exercise jurisdiction in certain tax refund suits. *United States v. Real Estate Savings Bank*, 104 U.S. 728, 734 (1882); Camp, *op. cit.* at 58. The Tucker Act of Mar. 3, 1887, ch. 359, § 1, 24 Stat. 505, 505 (currently codified at 28 U.S.C. § 1491(a)(1)) gave the Court of Claims expanded jurisdiction to hear all tax refund suits. District courts were given concurrent jurisdiction over tax refund suits involving less than $1,000. *Id.*, § 2, 24 Stat. at 505.

In the meantime, in 1866, Congress enacted what is the predecessor of the current § 7422(a) (creating the administrative refund claim filing requirement) and § 6532(a) (the judicial refund suit filing deadline) in § 19 of the Revenue Act of 1866, ch. 184, 14 Stat. 152, which provided:

That no suit shall be maintained in any court for the recovery of any tax alleged to have been erroneously or illegally assessed or collected, until appeal shall have been duly made to the commissioner of internal revenue according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of said commissioner shall be had thereon, unless such suit shall be brought within six months from the time of said decision, or within six months from the time this act takes effect: Provided, That if said decision shall be delayed more than six months from the date of such appeal, then said suit may be brought at any time within twelve months from the date of such appeal.

This provision eventually became R.S. § 3226 (1878).

In *Flora*, with respect to the jurisdictional grant for tax refund suits,

the Supreme Court stated:

The precursor of § 1346(a)(1) was § 1310(c) of the Revenue Act of 1921,[7] in which the language with which we are here concerned appeared for the first time in a jurisdictional statute. Section 1310(c) had an overt purpose unrelated to the question whether full payment of an assessed tax was a jurisdictional prerequisite to a suit for refund. . . . Prior to 1921, tax refund suits against the United States could be maintained in the District Courts under the authority of the Tucker Act, which had been passed in 1887.[8] Where the claim exceeded $ 10,000, however, such a suit could not be brought, and in such a situation the taxpayer's remedy in District Court was against the Collector. But because the Collector had to be sued personally, no District Court action was available if he was deceased. The 1921 provision, which was an amendment to the Tucker Act, was explicitly designed to permit taxpayers to sue the United States in the District Courts for sums exceeding $10,000 where the Collector had died.

_____

7. 42 Stat. 311.
8. 24 Stat. 505, as amended, 28 U.S.C. §§ 1346, 1491. *See United States v. Emery, Bird, Thayer Realty Co.*, 237 U.S. 28.
9. *Smietanka v. Indiana Steel Co.*, 257 U.S. 1.

362 U.S. at 151-152 (some footnotes omitted).

**III. Inconsistent Comments from the Supreme Court on Whether the Claim Filing and Deadline Requirements Are Jurisdictional Do Not Justify Making a *Stare Decisis* Exception to the Usual Rule that Mandatory Claim-Processing Rules are Nonjurisdictional.**

There is a second exception to the Supreme Court's current rule that statutory or regulatory claim-processing rules are not jurisdictional anymore:

> In addition, the Court has stated it would treat a requirement as "jurisdictional" when "a long line of [Supreme] Cour[t] decisions left undisturbed by Congress" attached a jurisdictional label to the prescription. *Union Pacific R. Co. v. Locomotive Engineers*, 558 U.S. 67, 82 (2009) (citing *Bowles v. Russell*, 551 U.S. 205, 209-211 (2007)). *See also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132 (2008).

*Fort Bend*, 587 U.S. at 548.

Since *Kontrick*, only two Supreme Court opinions have held that a claim-processing rule is jurisdictional because of *stare decisis*. In both cases, for over 100 years, in multiple opinions, the Supreme Court had consistently held the filing deadlines involved to be jurisdictional. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008); *Bowles v. Russell*, 551 U.S. 205 (2007).

Thus, for purposes of this *stare decisis* exception, it is of no moment that this and other Circuit courts may have long treated the refund claim filing requirement of § 7422(a) and the § 6511(a) deadline as jurisdictional. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. at 160 and n.2 (2010) (holding a

requirement of 17 U.S.C. § 411(a) nonjurisdictional, despite "widespread agreement" among appellate courts treating the requirement as jurisdictional); *MOAC Mall Holdings*, *LLC v. Transform Holdco LLC*, 143 S. Ct. 927, 940 (2023) ("We rejected this sort of use of old lower court cases in *Boechler*, because 'almost all' of those lower court cases 'predate[d] this Court's effort to "bring some discipline" to the use of the term "jurisdictional."'").

Space limitations prevent a discussion of all Supreme Court opinions that have directly, indirectly, or in *dicta* described the nature of the refund claim filing requirement of § 7422(a) or its predecessors or the refund claim filing deadline of § 6511(a) or its predecessors. However, what follows is a discussion, in chronological order, of some principal Supreme Court opinions. Those opinions show, at the very least, inconsistent statements or assumptions of the Supreme Court on whether the refund claim filing requirement and the filing deadline are jurisdictional.

In *Flora*, in 1960, the Court stated:

The ancestry of the language of § 1346(a)(1) [(i.e., "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws")] is no more enlightening than is the legislative history of the 1921 provision. This language, which, as we have stated, appeared in substantially its present form in the 1921 amendment, was apparently taken from R.S.

§ 3226 (1878).  *But § 3226 was not a jurisdictional statute at all*; it simply specified that suits for recovery of taxes, penalties, or sums could not be maintained until after a claim for refund had been submitted to the Commissioner.11/

_____

11. . . . . *The successor of R.S. § 3226 is I.R.C. (1954), § 7422(a), 68A Stat. 876.*

*Flora*, 362 U.S. at 152 (emphasis added).  The quoted statements are *dicta*, though, since the issue in *Flora* was whether the jurisdictional grant at § 1346(a)(1) required full payment of the tax as a predicate to a refund suit.  The only reason the Court discussed R.S. § 3226 was to examine the Court's case law under a predecessor of that provision, primarily *Cheatham v. United States*, 92 U.S. 85 (1875), which the Court did not find dispositive in finding § 1346(a)(1) to require full payment.

United States v. Dalm*, 494 U.S. 596 (1990), is the opinion of the Supreme Court that, today, lower courts, including this Court, most frequently cite for the proposition that both the filing requirement of § 7422(a) and the deadline of § 6511(a) are jurisdictional requirements of a refund suit.[4]  *Dalm* – involving equitable recoupment – states that "[f]or the

_____

[4] Section 6511(b) provides look-back amount limitations on the claims that are filed.  Interestingly, without discussing recent Supreme Court case law on what is jurisdictional, this Court has held that the refund amount limitations are not jurisdictional to a refund suit.  *Boeri v. United States*, 724 F.3d 1367, 1369 (Fed. Cir. 2013).

District Court to have jurisdiction over her suit for refund, Dalm was required to file a claim for refund of the tax within three years of the time the gift tax return was filed or two years of the time the tax was paid, whichever period expires later. *See* §§ 6511(a), 7422(a)"; *id.* at 609 (footnote omitted). One problem in *Dalm* was that the administrative claim was filed late under § 6511(a), not that suit was brought without the taxpayer having first filed a refund claim under § 7422(a). Thus, arguably, the Court's statement as to whether the claim filing requirement of § 7422(a) is itself jurisdictional is *dicta*. The Court also wrote in *Dalm* (*id.* at 608) (cleaned up):

> Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms.

The Center agrees with Dougherty that *Dalm*'s statement that the refund claim filing requirement and deadline are jurisdictional is, at best, what today's Supreme Court would call a "drive-by jurisdictional rulings" entitled to no weight.[5]

_____

[5] In *Arbaugh*, the Court wrote:

> On the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this Court and others have been less than meticulous.

A few months after *Dalm*, the Court in *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990), rejected the idea that waivers of sovereign immunity always preclude equitable tolling.  And since *Kontrick*, the Court

> Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief -- a merits-related determination.  Judicial opinions . . . often obscure the issue by stating that the court is dismissing for lack of jurisdiction when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim.  We have described such unrefined dispositions as drive-by jurisdictional rulings that should be accorded no precedential effect on the question whether the federal court had authority to adjudicate the claim in suit.

546 U.S. at 511 (citations and internal quotation marks omitted).

In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), the Court wrote:

> It is also the case that the *Gwaltney* [*of Smithfield v. Chesapeake Bay Found.*, 484 U.S. 49 (1987),] opinion does not display the slightest awareness that anything *turned upon* whether the existence of a cause of action for past violations was technically jurisdictional -- as indeed nothing of substance did.  The District Court had statutory jurisdiction over the suit in any event, since continuing violations were also alleged. . . .  [T]he jurisdictional character of the elements of the cause of action in *Gwaltney* made no substantive difference (nor even any procedural difference that the Court seemed aware of), had been assumed by the parties, and was assumed without discussion by the Court.  We have often said that drive-by jurisdictional rulings of this sort (if *Gwaltney* can even be called a ruling on the point rather than a dictum) have no precedential effect.

*Id.* at 91 (emphasis in original; citations omitted).

has clearly held that limitations periods running against the government that are set forth in statutes may not be jurisdictional conditions of suits – indeed, are only rarely jurisdictional conditions. *See United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015) ("[I]t makes no difference that a time bar conditions a waiver of sovereign immunity, even if the Congress enacted the measure when different interpretive conventions applied . . . ."). Thus, the indented quote above from *Dalm* is simply no longer good law, even if it were a holding.

*Commissioner v. Lundy*, 516 U.S. 235 (1996), involved whether the Tax Court – in a case where it had already acquired deficiency jurisdiction – also had jurisdiction to find an overpayment with respect to certain taxes where a refund claim had not been filed. The Court wrote: "Unlike the provisions governing refund suits in United States District Court or the United States Court of Federal Claims, which make timely filing of a refund claim a jurisdictional prerequisite to bringing suit . . . ." *Id*. at 240 (citation to appellate court opinion omitted). This was pure *dicta* in the case.

In *United States v. Brockamp*, 519 U.S. 347 (1997), the Supreme Court held that the *Irwin* presumption in favor of equitable tolling against the government of statutes of limitations, as applied to the refund claim statute of limitations at § 6511(a), was rebutted. Notably, *Brockamp* did not

call the § 6511(a) filing deadline "jurisdictional".  Indeed, the opinion does not even contain the words "jurisdiction" or "jurisdictional".

Moreover, *Brockamp* completely ignored both *Dalm* and *Lundy*, not even citing those opinions.  Had the Court in *Brockamp* really still believed in the above-quoted passages from *Dalm* and *Lundy*, the Court could have written a one-sentence opinion:  "Because jurisdictional filing deadlines are not subject to equitable tolling, and in *Dalm* and *Lundy* we stated that the refund claim filing deadline of § 6511(a) is jurisdictional, the § 6511(a) filing deadline is not subject to equitable tolling."  Yet, the Court instead wrote its lengthy opinion.  That is, the *Brockamp* Court implicitly proceeded from the assumption that the § 6511(a) filing deadline is nonjurisdictional.

Finally, in *United States v. Clintwood Elkhorn Mining Co*., 553 U.S. 1 (2008), the Supreme Court held that, where three companies brought suit for refund without having filed predicate refund claims under § 7422(a), they could not prevail.  Both the Court of Federal Claims and this Court had thought that there was an independent grant of jurisdiction to hear the case in the Export Clause and the Tucker Act (28 U.S.C. § 1491(a)(1)).  Both lower courts held the suits timely under the six-year statute of limitations at 28 U.S.C. § 2501.  The Supreme Court held that the Export Clause could not provide jurisdiction and that the companies were seeking tax refunds.  The

Court noted that the companies had neither filed § 7422(a)-required refund claims nor even brought their action within the § 6511(a) statute of limitations for filing refund claims. While the Court reversed the Federal Circuit, it did not say whether the reversal and dismissal was for lack of jurisdiction or for failure to state a claim. The opinion sheds no light on whether the Court thought the two requirements jurisdictional to a tax refund suit.

In sum, Supreme Court case law over nearly the past 100 years has not been consistent in calling or treating the § 7422(a) filing requirement and the § 6511(a) filing deadline jurisdictional. Indeed, in the most careful discussion of the matter, in *Flora*, the Court called the predecessor of the § 7422(a) refund claim filing requirement nonjurisdictional. Based on this collection of Supreme Court statements, some of which statements were *dicta* and some of which arguably involved drive-by jurisdictional rulings, it is not possible for a court to hold that there has been a long line of Supreme Court opinions consistently holding either filing requirement jurisdictional. Thus, the *stare decisis* exception to the current rule that claim-processing rules are nonjurisdictional cannot apply to either the filing requirement of § 7422(a) or the filing deadline of § 6511(a).

**IV. Panels Have Questioned Whether the Claim Filing Requirement is Jurisdictional in Light of Recent Supreme Court Case Law.**

The argument made by the Center herein has twice in recent years been raised *sua sponte* by panels of Circuit court judges where it was not necessary to decide the issue – thus giving judicial weight (though not precedent) to the argument.

First, subsequent to *Clintwood Elkhorn*, in *Gillespie v. United States*, 670 Fed. Appx. 393 (7th Cir. 2016), a panel of the Seventh Circuit had to decide whether *pro se* taxpayers had filed a predicate tax refund claim. They had filed a claim, but the district court found it frivolous and not in compliance with § 7422(a). The district court rejected the government's argument, however, that the claim-filing requirement of § 7422(a) is jurisdictional. The Circuit panel affirmed the district court, but did not feel it necessary to decide whether the filing requirement is still jurisdictional. However, the panel wrote, in *dicta*:

> The Gillespies do not respond to the government's renewed argument that § 7422(a) is jurisdictional, though we note that the Supreme Court's most recent discussion of § 7422(a) does not describe it in this manner, *see United States v. Clintwood Elkhorn Mining Co*., 553 U.S. 1, 4-5, 11-12 (2008). And other recent decisions by the Court construe similar prerequisites as claims-processing rules rather than jurisdictional requirements, *see, e.g., United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632-33 (2015) (concluding that administrative exhaustion requirement of Federal Tort Claims Act is not jurisdictional); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) (concluding that Copyright Act's registration requirement is

not jurisdictional); *Arbaugh v. Y & H Corp*., 546 U.S. 500, 504 (2006) (concluding that statutory minimum of 50 workers for employer to be subject to Title VII of Civil Rights Act of 1964 is not jurisdictional). *These developments may cast doubt on the line of cases suggesting that § 7422(a) is jurisdictional.  See, e.g., United States v. Dalm*, 494 U.S. 596, 601-02 (1990); *Greene-Thapedi v. United States*, 549 F.3d 530, 532-33 (7th Cir. 2008); *Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 520-21 (7th Cir. 2008).

*Id*. at 394-395 (emphasis added).

Second, in *Walby v. United States*, 957 F.3d 1295 (Fed. Cir. 2020), a taxpayer filed refund claims for four taxable years.  For the first taxable year, 2014, the refund claim was untimely under § 6511(a).  She later brought a refund suit *pro se* in the Court of Federal Claims for all four taxable years.  With respect to the 2014 year, the Court of Federal Claims, *sua sponte*, dismissed the year for lack of jurisdiction because the refund claim was untimely.  On appeal of all four years, the taxpayer did not argue that her 2014 refund claim was timely, so a panel of this Court held that such a potential argument was waived.  Although it did not make a difference in the case whether the dismissal for 2014 was properly for failure to state a claim or for lack of jurisdiction, the panel wrote that, in light of recent Supreme Court case law on what is jurisdictional, it might be time to reexamine this Court's precedent holding the filing requirement of § 7422(a) to be jurisdictional.  *Id*. at 1299.

Just six days before the opinion in *Walby* was issued, two judges of this Court who were not on the *Walby* panel also noted this Court's precedent holding the refund claim filing requirement and deadline jurisdictional. The judges upheld the dismissal of a partnership-level refund suit for lack of jurisdiction when claims were filed late. However, *sua sponte*, the judges observed that neither party had questioned this precedent, "so that question is not presented in this case". *General Mills, Inc. v. United States*, 957 F.3d 1275, 1283 n.6 (Fed. Cir. 2020). This implies the judges also had doubts about the requirements' continued jurisdictional natures.

In *Brown v. United States*, 22 F.4th 1008 (Fed. Cir. 2022), while the parties and *amicus* argued about whether the general filing requirement of § 7422(a) is jurisdictional, this Court issued a narrow ruling holding only that the "duly filed" requirement (a subset of the § 7422(a) general filing requirement) is not jurisdictional, but that because the "duly filed" requirement is statutory, it cannot be waived, citing *Angelus Milling Co. v. Commissioner*, 325 U.S. 293, 296-297 (1945). This Court also stated in *Brown* in *dicta*:

> To be sure, this court has held that a taxpayer's failure to comply with other § 7422(a) requirements (including those implemented by regulation) generally is jurisdictional. *See, e.g., Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018); *Waltner v. United States*, 679 F.3d 1329, 1333 (Fed. Cir. 2012). But that jurisdictional characterization cannot be reconciled with the Supreme

Court's decision in *Lexmark International, Inc. v. Static Control Components, Inc.*, where the Court clarified that so-called "statutory standing" defects—i.e., whether a party can sue under a given statute—do not implicate a court's subject matter jurisdiction. 572 U.S. 118, 128 & n.4 (2014).

*Brown*, 22 F.4th at 1011.

Thereafter, in *Dixon v. United States*, 67 F.4th 1156 (Fed. Cir. 2023), the parties and *amicus* again argued about whether the general filing requirement of § 7422(a) is jurisdictional. The case involved the operation of the informal claim doctrine, which allows an untimely-filed perfected refund claim to relate back in time to a timely-filed informal (and so defective) refund claim. The court below had dismissed the refund suit for lack of jurisdiction or, alternatively, for failure to state a claim, because the court held that the formal claim also had to be filed within the period of § 6511(a). This Court was uncomfortable with the lower court's reasoning, so rejected it. This Court affirmed the holding of the lower court on the different rationale that, since the IRS had already disallowed the informal claim, that claim could not be the basis for a later-filed formal claim. The Court acknowledged that the Supreme Court in *Dalm* had called the requirements of §§ 6511(a) and 7422(a) jurisdictional, but wrote in a footnote:

The Court in *Dalm* based its jurisdictional characterization on the notion that a proper "understanding of sovereign immunity" prevents

courts from "go[ing] beyond the authority Congress has given [them] in permitting suits against the Government." 494 U.S. at 610; *see id.* at 608-10. Recently, the Supreme Court wrote that the "general proposition . . . that a condition to the waiver of sovereign immunity . . . must be strictly construed[] . . . d[oes] not mean that time limits accompanying such waivers are necessarily jurisdictional." *Wilkins v. United States*, 143 S. Ct. 870, 879 (2023) (second ellipsis in original) (internal quotation marks and citations omitted). We need not address the effect of *Wilkins* on the jurisdictional characterization adopted by the Supreme Court in *Dalm*. That characterization is immaterial here, as Mr. Dixon has not raised any issue about equitable or comparable bases for excusing noncompliance that are unavailable for jurisdictional rules (but may be available for "nonjurisdictional claims-processing rule[s]," *Wilkins*, 143 S. Ct. at 881; *see Hamer v. Neighborhood Housing Services of Chicago*, 583 U.S. 17, 138 S. Ct. 13, 18 n.3 (2017)), and the Claims Court dismissed in the alternative for failure to state a claim, *see Dixon II*, 158 Fed. Cl. at 71, 75, 80.

*Id.* at 1161 n.3.

Accordingly, this Court in *Brown* and *Dixon* has recently expressed skepticism that the requirements of §§ 6511(a) and 7422(a) are jurisdictional. While this Court felt it need not resolve these issues in those two cases, in the instant case, this Court must address these issues, as Dougherty seeks to prove that it is entitled to have its claim held properly filed and timely under several nonjurisdictional doctrines.

A word on *Angelus Milling Co. v. Commissioner*, 325 U.S. 293 (1945). In that case, the Court addressed whether the IRS had waived objections to the taxpayer's failure to comply with regulatory refund claim

specificity requirements.  The Court held that "the evidence is insufficient to establish waiver."  *Id*. at 298.  Before reaching that factual holding, the Court observed:  "Insofar as Congress has made explicit statutory requirements, they must be observed and are beyond the dispensing power of Treasury officials."  *Id*. at 296 (citations omitted).  The statement that statutory requirements of what is today § 7422(a) cannot be waived is purely *dicta*, as the opinion did not involve statutory requirements.  Moreover, the statement seems implicitly to assume that the predecessor of § 7422(a) is jurisdictional, so cannot be waived.  Yet it is clear under current Supreme Court case law that any nonjurisdictional statutory claim-processing rule can be waived.  "If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited."  *Hamer v. Neighborhood Housing Servs. of Chicago*, 583 U.S. at 20 (citation omitted).

In *Brown*, this Court cited the language of *Angelus* for the proposition that, even though the "duly filing" requirement is nonjurisdictional, the duly filing requirement cannot be waived.  That holding cannot be correct.  There is simply no nonjurisdictional claim-processing rule that cannot be waived.  The Supreme Court has never found any such provision.  It is regrettable that this Court in *Brown* made this error.

Finally, this Court in the instant case should not avoid deciding whether the statutory requirements of §§ 6511(a) and 7422(a) are jurisdictional because another nonjurisdictional doctrine cited by Dougherty has not factually been met. That would be an impermissible assumption of statutory hypothetical jurisdiction. Constitutional hypothetical jurisdiction was rejected in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998), where the jurisdictional issue was standing under Article III. Unlike in some other Circuits, there is no opinion of this Court allowing the assumption of *statutory* (as opposed to constitutional) hypothetical jurisdiction. Constititional hypothetical jurisdiction was discussed by Judge Smith in a different opinion as follows:

> Jurisdiction is a threshold matter that must be resolved before the Court can take action on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94. Essentially, the plaintiff is asking this Court to apply the long-dead "'doctrine of hypothetical'" by "'assuming' jurisdiction for the purposes of deciding the merits." *Id.* This Court's skills do not involve the reanimation of dead bodies of doctrine. As such, the Court must determine whether plaintiff has standing before it can proceed to a decision on the merits.

*Remote Diagnostic Tech LLC v. United States*, 133 Fed. Cl. 198, 202 (2017).

For a dissent from the denial of cert. to resolve a Circuit split over whether the doctrine of statutory hypothetical jurisdiction still exists after *Steel Co.*, *see Waleski v. Montgomery, McCracken, Walker & Rhoads, LLP*, 143 S. Ct. 2027 (2023) (dissent by Justice Thomas, joined by Justices

Gorsuch and Barrett; arguing that statutory hypothetical jurisdiction is just as objectionable as constitutional hypothetical jurisdiction).

# CONCLUSION

This Court should hold the refund claim filing requirement of

§ 7422(a) and the refund claim deadline of § 6511(a) nonjurisdictional.


Respectfully submitted,

/s/ T. Keith Fogg_____          /s/Carlton M. Smith_____
Emeritus Prof. T. Keith Fogg          Carlton M. Smith, Esq.
*Counsel for Amicus*                  *Counsel for Amicus*
Volunteer, Tax Litigation Clinic      Volunteer, Tax Litigation Clinic
   of the Legal Services Center           of the Legal Service Center
   of Harvard Law School                  of Harvard Law School
122 Boylston Street                   255 W. 23rd Street #4AW
Jamaica Plain, Massachusetts 02130    New York, New York 10011
(617) 390-2532                        (646) 230-1776
kfogg@law.harvard.edu                 carltonsmth@aol.com

Dated : August 19, 2024

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE REQUIREMENTS,
AND TYPE STYLE REQUIREMENTS**


The foregoing filing complies with the relevant type-volume

limitation of the Federal Rules of Appellate Procedure and Federal Circuit

Rules because the filing has been prepared using a proportionally-spaced

typeface and includes 6,524 words.


<u>s/ Carlton M. Smith</u>
Carlton M. Smith
*Counsel for Amicus*


Dated:  August 19, 2024

**CERTIFICATE OF SERVICE**

This is to certify that a copy of this *amicus* brief was served on counsel for the appellant and appellee through filing the same with the CM/ECF system on August 19, 2024. All parties in the case are represented, and all counsel in the case are registered with the CM/ECF system.

<u>s/ Carlton M. Smith</u>
Carlton M. Smith
*Counsel for Amicus*

Dated: August 19, 2024